UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATHER L. CROW,<br><br>    Plaintiff,<br><br>v.<br><br>HOME LOAN CENTER, INC.; et al.,<br><br>    Defendants. | 3:11-cv-0259-LRH-VPC<br><br>ORDER |

Before the court is defendant Home Loan Center, Inc.'s ("HLC") motion to dismiss. Doc. #5.[1] Plaintiff Heather Crow ("Crow") filed an opposition (Doc. #8) to which HLC replied (Doc. #10).

**I.    Facts and Procedural History**

In January, 2007, Crow refinanced real property through a mortgage note and deed of trust originated by HLC. Eventually, Crow defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Crow filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of

---

[1] Refers to the court's docket number.

good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit B. Thereafter, HLC filed the present motion to dismiss.[2] Doc. #5.

## II.    Legal Standard

Defendant HLC seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

---

[2] HLC is not a named defendant as to Crow's eight cause of action for slander or title or ninth cause of action for abuse of process. As such, HLC's motion and this order only address the remaining seven causes of action.

2

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Debt Collection Violations

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, Crow alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt. However, it is undisputed that HLC took no action in initiating the non-judicial foreclosure in this action because its interest in the property was transferred prior to the notice of default. Therefore, the court finds that Crow fails to state a claim against HLC for violation of the FDCPA.

#### B. Nevada's Unfair and Deceptive Trade Practices Act

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Crow alleges that defendants violated the statute by recording the underlying notice of default without having a state business license. However, HLC did not record the notice of default and there are no allegations that it did not have all required licenses at the time it issued the underlying loan. Therefore, the court finds that Crow has failed to state a claim upon which relief can be granted.

///

**C. Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Crow alleges that HLC violated the present version of the statute, her refinance loan originated January, 2007, prior to the current amendment. Therefore, Crow's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, Crow's unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). Crow refinanced her property in January 2007, and did not file the present action until 2011, over two years after the statute of limitations had expired. Accordingly, the court shall grant HLC's motion as to this issue.

**D. Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, Crow alleges that defendants breached the implied covenant because they misrepresented the cost of credit involved in the loan agreement. However, these alleged

4

1  misrepresentations occurred *before* a contract was formed. *See* Doc. #1, Exhibit B. Crow fails to
2  allege any facts to establish a breach of the implied covenants *after* the contract between the parties
3  was formed.

### E.  NRS 107.080

Crow alleges that defendants violated NRS 107.080 by not complying with the applicable provisions in NRS 107.086 and 107.087 concerning recordation and mailing of the notice of default. However, HLC did not take part in any of the foreclosure proceedings and did not record the underlying notice of default. Therefore, the court finds that Crow fails to state a claim against HLC upon which relief can be granted.

### F.  Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, HLC has no interest in the property adverse to Crow's interest. Therefore, Crow has no grounds to quiet title against HLC.

### G.  Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also, Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Crow fails to allege anything more than HLC defrauded her during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, Crow fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations."

5

1  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that
2  Crow's allegations are insufficient to support her claim for fraud.
3
4      IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #5) is
5  GRANTED. Defendant Home Loan Center, Inc. is DISMISSED as a defendant in this action.
6      IT IS SO ORDERED.
7      DATED this 6th day of June, 2011.

                                                      _____
                                                      LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

6