1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                              * * *
                                )
9    HEATHER L. CROW,            )
                                )
10              Plaintiff,        )              3:11-cv-0259-LRH-VPC
                                )
11   v.                          )
                                )              ORDER
12   HOME LOAN CENTER, INC.; et al., )
                                )
13              Defendants.       )
     ─────────────────────────── )

14

15          Before the court is defendant T.D. Service Company's ("TD") motion to dismiss

16   (Doc. #12[1]) to which defendants Mortgage Electronic Registration System, Inc. ("MERS") and

17   Federal National Mortgage Association ("Fannie Mae") joined (Doc. #13). Plaintiff Heather Crow

18   ("Crow") filed an opposition. Doc. #16.

19          Also before the court is TD's motion to strike Crow's opposition. Doc. #18.

20   I.     Facts and Procedural History

21          In January, 2007, Crow refinanced real property through a mortgage note and deed of trust

22   originated by defendant Home Loan Center, Inc. Eventually, Crow defaulted on the mortgage note

23   and defendants initiated non-judicial foreclosure proceedings.

24          Subsequently, Crow filed a complaint against defendants alleging nine causes of action:

25

26          ───────────────────────
            [1] Refers to the court's docket number.

1  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS

2  598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of

3  good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and

4  (9) abuse of process. Doc. #1, Exhibit B. Thereafter, TD filed the present motion to dismiss to

5  which MERS and Fannie Mae joined.[2] Doc. ##12, 13.

6  **II.   Legal Standard**

7       Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

8  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

9  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

10  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

11  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

12  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

13  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

14  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

15  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

16       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

17  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

18  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

19  the court to draw the reasonable inference, based on the court's judicial experience and common

20  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

21  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

22  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

23  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

24

25      [2] Neither TD, MERS, or Fannie Mae are named defendants as to Crow's eight cause of action for slander of title or ninth cause of action for abuse of process. As such, this order only address the remaining

26  seven causes of action.

1  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

2       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

3  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

4  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

5  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

6  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

7  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

8  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

9  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

10  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

11  **III.   Discussion**

12       **A.  Debt Collection Violations**

13       Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal

14  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,

15  Crow alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure without

16  following the proper procedures for attempting to collect a debt. But, it is undisputed that

17  defendants TD, MERS, and Fannie Mae took no action in initiating the non-judicial foreclosure in

18  this action.

19       Additionally, it is well established that non-judicial foreclosures are not an attempt to

20  collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse*

21  *v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist.

22  LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect

23  a debt because the borrower already consented to allow the foreclosure trustee to record the notice

24  upon default). Therefore, the court finds that Crow fails to state a claim against moving defendants

25  for violation of the FDCPA, and thereby NRS § 649.

26

3

**B.  Nevada's Unfair and Deceptive Trade Practices Act**

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Crow alleges, generally, that defendants violated the statute by recording the underlying notice of default without having a state business license. However, none of moving defendants recorded the notice of default. Therefore, the court finds that Crow has failed to state a claim upon which relief can be granted.

**C.  Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Crow alleges that defendants violated the present version of the statute, her refinance loan originated January 2007, prior to the current amendment. Therefore, Crow's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, Crow's unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). Crow refinanced her property in January 2007, and did not file the present action until 2011, over two years after the statute of limitations had expired. Accordingly, the court shall grant moving defendants' motion as to this issue.

**D.  Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the

4

1   plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

2   fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

3   unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

4   *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*

5   *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

6          Here, Crow alleges that defendants breached the implied covenant because they

7   misrepresented the cost of credit involved in the loan agreement. However, these alleged

8   misrepresentations occurred *before* a contract was formed. *See* Doc. #1, Exhibit B. Crow fails to

9   allege any facts to establish a breach of the implied covenants *after* the contract between the parties

10  was formed. Further, neither TD, MERS, nor Fannie Mae were involved in the origination of

11  Crow's loan. Accordingly, the court finds that Crow fails to state a claim against moving

12  defendants.

13          **E.  NRS 107.080**

14          Crow alleges that defendants violated NRS 107.080 by not complying with the applicable

15  provisions in NRS 107.086 and 107.087 concerning recordation and mailing of the notice of

16  default. However, there are no specific allegations that moving defendants took part in any of the

17  foreclosure proceedings. Further, it is undisputed that moving defendants did not record the

18  underlying notice of default. Therefore, the court finds that Crow fails to state a claim against

19  moving defendants for violation of the state recording statute.

20          **F.  Quiet Title**

21          Under Nevada law, a quiet title action may be brought by someone who claims an adverse

22  interest in property. NRS § 40.010. Here, moving defendants do not claim any interest in the

23  property adverse to Crow's interest. Therefore, Crow has no grounds to quiet title against moving

24  defendants.

25  *///*

26

1   **G. Fraud**

2   "In alleging fraud or mistake, a party must state with particularity the circumstances

3   constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to meet the heightened pleading

4   requirements a plaintiff must specify the time, place, and content of the misrepresentation as well

5   as the names of the parties involved. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.

6   2009); *see also, Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Parnes v.

7   Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite

8   who, what, where, when, and how of the misrepresentation).

9   Here, Crow fails to allege any specific allegations of who failed to provide information or

10  what information was not provided. As such, Crow fails to specifically allege the requisite "time,

11  place, and specific content of the false representation as well as the identities of the parties to the

12  misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore,

13  the court finds that Crow's allegations are insufficient to support her claim for fraud. Accordingly,

14  the court shall grant moving defendants' motion to dismiss.[3]

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23

24      [3] The court, in granting defendants' motion to dismiss, notes that Crow did not request leave to amend
25  her complaint. However, even if Crow did request leave to amend the court would deny her request because
    she has failed to make any showing that amendment in this particular case would not be futile or that she could
26  overcome the identified pleading defects.

1       IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #12) to which

2   additional defendants joined (Doc. #13) is GRANTED. Moving defendant T.D. Service Company,

3   and joining defendants Mortgage Electronic Registration Systems, Inc. and Federal National

4   Mortgage Association are DISMISSED as defendants in this action.

5       IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's opposition to the

6   motion to dismiss (Doc. #18) is DENIED as moot.

7       IT IS SO ORDERED.

8       DATED this 15th day of August, 2011.

9

10                                                      _____

11                                                      LARRY R. HICKS
                                                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7